ELLIS, Judge.
■This is a workmen’s compensation case in which plaintiff Wilbert P. Moore is claiming to be permanently and totally disabled as the result of an injury to his left thumb. Defendants are A. C. Suhren Houma Corporation, his employer, and Casualty Reciprocal Exchange Insurance Company, its insurer. From an adverse judgment, plaintiff has appealed.
Plaintiff injured his left thumb in the course and scope of his employment as a small engine mechanic on August 27, 1970. He was treated by his family physician and continued on his job in a supervisory capacity until November 18, 1970. On October 23, 1970, he was seen by Dr. E. J. Da-bezies, an orthopedist. On November 20, 1970, a fusion of the metacarpal phalangeal joint of the left thumb was performed by Dr. Dabezies.
*477 On January 18, 1971, Dr. Dabezies told plaintiff he could return to light work, with no stress on the left hand. By April 12, 1971, the doctor was of the opinion that plaintiff could return to full duty. Because of the loss in mobility due to the fusion of the joint, Dr. Dabezies estimated a 50% loss of use of the thumb. He was of the opinion that there was no pain in the joint. He stated that plaintiff could return to duty as a mechanic, although he would have to make some adaptive changes in the manner in which he did his work.
Plaintiff testified that he tried on two occasions to return to work, and was unable to do so. The main complaint was one of pain and swelling in the joint of the thumb after he had worked for some time. He demonstrated to the court his alleged inability to perform a number of tasks which he testified prevented him from fully performing the duties of his occupation.
Defendants rely on the principle that, when there is no conflict in the medical testimony, lay evidence will not be considered. They point out that the only two witnesses to testify were plaintiff and Dr. Dabezies, and that plaintiff’s testimony, uncorroborated, can not prevail.
Plaintiff relies for his corroborative evidence on the demonstrations conducted before the court. We note, however, that plaintiff was not unable to do these things. He simply demonstrated the tasks and then testified that doing them caused pain after some time. A demonstration of this type can be accorded no more weight than plaintiff’s testimony, and is not corroborative thereof.
The trial judge heard and saw plaintiff, and, after reading Dr. Dabezies’ deposition, rejected plaintiff’s testimony and adopted that of Dr. Dabezies. We can find no manifest error in his conclusion in this respect.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
Affirmed.